

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

DEC.18/1940

Honorable Burl Brittain
County Auditor
San Patricio County
Sinton, Texas

Dear Sir:

> Opinion Number O-2901
> Re: Sufficiency of petition
> calling for referendum
> on issuance of road and
> bridge warrants.

This will acknowledge receipt of your letter requesting our opinion on several questions growing out of the following state of facts:

"San Patricio County Commissioners' Court published notice of intention to issue $100,000 of Road and Bridge Warrants, a county-wide issue for road improvements in the county. Petition calling for a referendum vote on the issuance of such warrants has been drawn, circulated, signed and filed prior to the time limit prescribed by statute.

"The petitions appear to have been obtained in an irregular manner, that is, they were not taken as an individual petition, but in several copies, to the various parts of the county, and when filed the several copies were attached together.

"A further irregularity, evident on the face of the instrument, is the fact that many of the signatures, such as husband and wife, son or daughter, bear the handwriting of only one member of the family. The number of signers on the petitions is insufficient to constitute 10 per cent of the qualified property taxpaying voters unless the irregularity in signatures just mentioned is considered

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Burl Brittain, page #2

as valid. It appears that there was a design or scheme used in order to get the sufficient number of signers, for in many instances the person circulating the petition requested the signer to sign the names of other members of their families."

The following questions have arisen out of the above state of facts, and upon which our opinion is requested:

1. "Whether petitions circulated in several parts, rather than as a unit, is a valid petition, even though it was attached together at the time of filing?"

2. "(a) Whether a petition showing design, fraud or a scheme on its face, bearing forged and unauthorized signatures is void?"

"(b) Whether the signers name and the unauthorized names should be eliminated in counting the number necessary for 10 per cent, or whether the unauthorized names only should be eliminated?"

3. "Whether signers may withdraw their names after the petition has been filed, either by striking off their names or filing a supplementary petition asking that their names be withdrawn from the petition?"

In answer to your first question, we advise that in our opinion petitions circulated in several parts other than as a unit, will constitute the basis of a valid petition in the event that each of the several parts are headed with substantially the same matter, all of which petition for an election on the same or identical question, provided they are filed simultaneously as one petition. In the early case of Graves vs. Rudd, 65 S. W. 63, the Court of Civil Appeals said, with reference to a question similar to that submitted in the instant case, that a petition circulated in eight parts and attached at the time of filing constituted but one petition. The same subject matter appearing in the heading of each of the eight parts being the same and subsequently filed at the same time was held sufficient to authorize the court to make the necessary orders pursuant thereto.

With reference to your question (a) under 2, we think that to state the question is to answer it, for the reason that the law contemplates that any petition to form the basis of a legal election shall be genuine in every respect, and that if the authority to whom said petition is directed determines it to be a scheme or a fraud, or that it bears forged and unauthorized signatures, such determination is not subject to collateral attack. This presents more a question of fact than of law, but it seems elementary that if the petition shows design, fraud or scheme and bears forged and unauthorized signatures, it is void ipso facto.

In reply to question (b) of 2, we advise that we know of no authority existing in the Commissioners' Court to eliminate from a petition genuine signatures of qualified property taxpaying voters for any purpose, and we think that the Commissioners' Court would be acting clearly within its discretion in eliminating unauthorized names and signatures from any petition presented to it for action thereon. Where the officer with whom it has been filed has authority to hear and determine its sufficiency and validity, his decision thereon is final unless such decision has been fraudulent or corruptly made or procured, or unless he has been guilty of an abuse of discretion. See 20 Corpus Juris, 93; also State vs. Graves, 107 N. E. 1018. It must be assumed that the authority to whom a petition is directed will not abuse their discretion nor reach a decision predicated upon fraud, or that such authority has any desire to eliminate from a petition signatures of qualified electors legitimately placed thereon.

We are of the opinion that the signers of a petition may withdraw their names after the petition has been filed at any time before official action thereon has been taken, and that the manner of accomplishing such withdrawal requires no particular formality. In the case of State vs. Rupert, 122 N. E. 39, it was stated that --

"Unless provided otherwise by statute, electors who have signed a petition may withdraw their names before official action has been taken thereon."

Honorable Burl Brittain, page #4

And to similar effect is the case of Dutten vs. Hanover, 42 Ohio State, 215; 20 Corpus Juris, 95, wherein it was said:

> "If as a result of the withdrawal the petition fails to contain a requisite number of names it should be dismissed."

Trusting that the foregoing satisfactorily answers your inquiry, we are -

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s

APPROVED DEC 18, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWR
CHAIRMAN